United States District Court
Middle District of Florida
Jacksonville Division

**Roosevelt Charles Booth,**

**Plaintiff,**

**v.** **Case No. 3:26-cv-492-WWB-LLL**

**Lieutenant Robinson, et al.,**

**Defendants.**

---

**Order Directing Amendment**

Plaintiff, an inmate of the Florida Department of Corrections, is proceeding pro se on an amended complaint for violation of civil rights (doc. 5). He names six prison officers as defendants – all in their individual capacities – based on an incident that occurred at Reception and Medical Center (RMC) on December 2, 2025. *See* doc. 5 at 2-4, 7. He does not identify discrete claims against each defendant but generally references violations of the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments as well as Chapter 33, Sections 208.002 and 602.210, of the Florida Administrative Code. *See* doc. 5 at 3. Liberally construing the factual allegations, plaintiff alleges that defendants "brutally assaulted" him and did not report the incident or his injuries afterwards. *Id.* at 25-26.

**Authority**

The Federal Rules of Civil Procedure provide in pertinent part, "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and "[a] party must state [his] claims in numbered paragraphs, each limited as far as practicable to a single set of circumstances," Fed. R. Civ. P. 10(b). A complaint must allege facts that, accepted as true, state a claim "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The standard asks for less than a probability but "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Although a plaintiff is not required to provide "detailed factual allegations," he must offer more than "formulaic recitations of the elements of a cause of action," or "naked assertion[s] devoid of further factual enhancement." *Id.* (internal quotation marks omitted). A complaint should provide enough detail to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original). One that does not is referred to as a "shotgun pleading." *See Weiland v. Palm Bch. Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015). A court must hold a pro se plaintiff to a less stringent standard than a lawyer, *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998), but may not rewrite a deficient complaint for a pro se plaintiff or otherwise serve as his de facto counsel, *GJR Invs., Inc. v. Cnty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Iqbal*, 556 U.S. 662.

## Analysis

Upon review, the Court concludes that plaintiff has failed to set forth his claims in accordance with federal pleading standards and thus, will direct him to amend his complaint.

I. Plaintiff's complaint is a shotgun pleading

As an initial matter, plaintiff's allegations are confusing and fail to give defendants fair notice of the claims against them and the grounds upon which those claims rest. His complaint is essentially a "shotgun pleading." For instance, he sets forth his allegations and purported claims in several attachments, but those excess pages do not set out the factual allegations in numbered paragraphs or otherwise in a "short and plain" fashion as required under the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 8(a); Fed. R. Civ. P. 10(b). The factual allegations are also repetitive; lumped together, making it difficult to identify the conduct of each defendant; and intertwined with many paragraphs of black-letter law. In amending his complaint, plaintiff should adhere as closely as possible to the instructions and prompts on the civil rights complaint form. The court-approved form is designed specifically to help incarcerated individuals submit their claims in a structured, straightforward manner so that defendants can formulate a responsive pleading.

Additionally, plaintiff should keep in mind the following when asserting his grounds for relief. To state a claim under § 1983, a plaintiff must allege the conduct complained of was committed by a person acting under color of state law, and the conduct deprived the plaintiff of rights, privileges, or immunities secured by the

Constitution or laws of the United States. *See Harvey v. Harvey*, 949 F.2d 1127, 1130 (11th Cir. 1992) (citing *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 156-57, (1978)). To the extent that plaintiff attempts to assert a claim solely based on violations of the Florida Administrative Code, specifically Chapter 33, § 1983 does not recognize a claim for such violations. *See Summerall v. Quinn*, No. 3:16-cv-455, 2017 WL 6887006, at *8 (N.D. Fla. Dec. 6, 2017), *report and recommendation adopted*, 2018 WL 356188 (N.D. Fla. Jan. 9, 2018) ("Violations of a state agency's administrative policy are not actionable under § 1983."); *Magula v. Samples*, 375 F.3d 1269, 1279 n.7 (11th Cir. 2004) ("[T]he procedural requirements set out in [a state] regulation are not themselves constitutional mandates.").

II. Plaintiff's constitutional claims

In addition to being an impermissible shotgun pleading, there are additional problems with the complaint's constitutional claims. Plaintiff's primary claim is that defendants' conduct constitutes excessive force. Such a claim for incarcerated individuals is asserted under the Eighth Amendment rather than the Fourth Amendment. *See Graham v. Connor*, 490 U.S. 386, 394 (1989) (stating that the Eighth Amendment serves as the source of protection against excessive force once conviction occurs). A prisoner asserting an excessive-force claim under the Eighth Amendment must establish "two elements —one subjective and one objective: the official must have both acted with a sufficiently culpable state of mind (the subjective element), and the conduct must have been objectively harmful enough to establish a constitutional violation." *Sconiers v. Lockhart*, 946 F.3d 1256, 1265-66 (11th Cir. 2020) (internal

quotations omitted) (*quoting Hudson v. McMillian*, 503 U.S. 1, 8 (1992)). A claim satisfies the subjective element if the excessive force was "sadistically and maliciously applied for the very purpose of causing harm." *Id.* The objective component "focuses on whether the official's actions were harmful enough or sufficiently serious to violate the constitution." *Id.* (cleaned up).

Additionally, the Fifth Amendment does not apply to civil rights cases where a state prisoner alleges that state prison officials violated his constitutional rights. *See Burton v. City of Plant of City, Fla.*, 871 F.2d 1037, 1041 (11th Cir. 1981). "The fifth amendment to the United States Constitution restrains the federal government, and the fourteenth amendment, section 1, restrains the states, from depriving any person of life, liberty, or property without due process of law." *Id.* If plaintiff wishes to allege a due process claim under the Fourteenth Amendment, he must establish "(1) a deprivation of a constitutionally-protected liberty or property interest; (2) state action; and (3) constitutionally-inadequate process." *Resnick v. KrunchCash, LLC*, 34 F.4th 1028, 1035 (11th Cir. 2022). A pro se litigant's mere dissatisfaction that internal policies or procedures were not followed by prison officials does not give rise to a due process claim. *See Sanders v. Starling*, No. 21-12622, 2022 WL 6644768, at *4 (11th Cir. Oct. 11, 2022) (stating "the failure to file an incident report, even if prison regulations require doing so, does not by itself amount to a constitutional violation.") (*citing Taylor v. Adams*, 221 F.3d 1254, 1259 (11th Cir. 2002); *Doe v. Moore*, 410 F.3d 1337, 1350 (11th Cir. 2005) ("State-created procedural rights that do not guarantee a particular

substantive outcome are not protected by the Fourteenth Amendment, even where such procedural rights are mandatory.”).

Plaintiff also references the Fourteenth Amendment’s equal protection clause. “To establish an equal protection claim, a prisoner must demonstrate that (1) ‘he is similarly situated with other prisoners who received’ more favorable treatment; and (2) his discriminatory treatment was based on some constitutionally protected interest such as race.” *Jones v. Ray*, 279 F.3d 944, 946–47 (11th Cir. 2001). Based on the nature of his allegations, it does not appear that Plaintiff has a viable equal protection claim against any defendant.

Finally, to the extent plaintiff claims that his Sixth Amendment rights were violated, he should keep in mind that the Sixth Amendment does not apply to civil rights cases. *See Turner v. Rogers*, 564 U.S. 431, 441 (2011). A prisoner, therefore, cannot prevail on a § 1983 claim based on a violation of his Sixth Amendment rights.[1]

If plaintiff chooses to proceed, he must file an amended complaint in compliance with federal pleading standards <u>using the Court-approved civil rights form</u>. Plaintiff shall separate out the discrete claims against each defendant and the factual allegations supporting each claim; he should do so only *one* time. Plaintiff shall avoid repeating allegations or lumping together allegations and claims against separate

[1] The Court only lays out the requirements of stating a § 1983 claim regarding the rights and privileges plaintiff listed under Section II (Basis of Jurisdiction) of his complaint. *See* doc. 5 at 3. If plaintiff seeks to assert additional claims, plaintiff shall familiarize himself with the essential elements of each claim and set forth facts satisfying each element.

defendants. Plaintiff may attach additional pages, *only if necessary*, and should he need to do so, state only additional facts not already mentioned on the form. Plaintiff is further advised he need not recite the plain text of federal constitutional amendments or Florida's state administrative laws, as including such information has no weight in determining whether he will state a claim for relief. *See Ashcroft*, 556 U.S. at 678. Finally, Plaintiff must comply with the following instructions:

1. The amended complaint must be marked, "Second Amended Complaint," and include this case number (**3:26-cv-492-WWB-LLL**).

2. The amended complaint must name as defendants only those who had been acting under color of state law and are responsible for the alleged constitutional violation(s).

3. The amended complaint must state the full names of all defendants (to the extent plaintiff knows them) in the style of the case on the first page and in section I.B.

4. The list of defendants named on the first page must match the list of named defendants in section I.B.

5. In section IV, "Statement of Claim," there must be a clear description of how **each** defendant was involved in the alleged violation(s). The allegations should be stated in numbered paragraphs, each limited to a single set of circumstances. Plaintiff should separately explain the facts giving rise to his individual claims for relief, and he should clearly state how each defendant is responsible for each alleged violation.

6. In section V, "Injuries," there must be a statement concerning how **each** defendant's action(s) or omission(s) injured plaintiff.

7. In section VI, "Relief," there must be a statement of what plaintiff seeks through this action, keeping in mind that the Prison Litigation Reform Act "places substantial restrictions on the judicial relief that prisoners can seek . . . ." *Brooks v. Warden*, 800 F.3d 1295, 1307 (11th Cir. 2015) (quoting *Al-Amin v. Smith*, 637 F.3d 1192, 1195 (11th Cir. 2011)).

8. In section VII, "Exhaustion," plaintiff must explain the steps he took to exhaust his administrative remedies, keeping in mind that "[a] prisoner must exhaust each claim that he seeks to present in court." *Arias v. Perez*, 758 F. App'x 878, 881 (11th Cir. 2019) (*citing Jones v. Bock*, 549 U.S. 199, 219–20 (2007)).[2]

Plaintiff must sign and date the amended complaint after the following statement on the form:

> Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

Before signing the amended complaint, plaintiff must ensure his assertions are truthful and that he has not knowingly made false material declarations. He must neither exaggerate nor distort the facts but truthfully state the facts underlying his

---

[2] The Court notes that plaintiff attaches grievance forms he filed with the Florida Department of Corrections. Doc. 5 at 36-44. In his amended complaint, plaintiff should explain his relevant grievance history directly on the court-approved civil rights complaint form rather than referencing attached documents. After filing out the required prompts on the form, plaintiff may then attach the corresponding exhibits matching each grievance, but he is not required to do so.

claims. Knowingly making a false material declaration in violation of 18 U.S.C. § 1623 is punishable by a fine, imprisonment, or both.

An amended complaint supersedes the filing of the initial complaint and becomes the operative pleading. *Krinsk v. SunTrust Banks, Inc.*, 654 F.3d 1194, 1202 (11th Cir. 2011). Thus, plaintiff's second amended complaint must be complete, including all related claims he wishes to raise, and must not refer back to his original complaint.

It is **ordered**:

1. The **Clerk** shall send plaintiff a Civil Rights Complaint form.

2. Within **thirty days** of the date of this order, plaintiff must mail a second amended complaint to the Court for filing. The second amended complaint should comply with the instructions on the form and those provided in this order.

3. Plaintiff's failure to comply with this order may result in the dismissal of this case.

**Ordered** in Jacksonville, Florida on October 14, 2026.

/s/ Laura Lothman Lambert
*United States Magistrate Judge*

CC-2
c: Roosevelt Charles Booth